IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FAOUZI JABER,**

        Plaintiff,

  v.                                                 **Civil Action No. 5:24-CV-25**
                                                          Judge Bailey

**WARDEN RAY, ACTING WARDEN
BROWN, OFFICER TITLLE, OFFICER
BROWN, OFFICER POLLS, OFFICER
G. COPELL, OFFICER D. MILLER,
OFFICER CHEAPLEY, LIEUTENANT
CIVIC, T. KEENER,** R.N., **DR. ADAMS,
OFFICER DICK, GOMEZ, PATRICK
GREAYEN, SMITH, WILLIAMS RAPHAEL,
MR. McCAUL,** and **MR. VANKRIK,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on January 8, 2024, by filing a Complaint under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971).  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that defendants Greayen and Raphael be dismissed.

1

## II. The Complaint

Plaintiff's Complaint brings five claims arising out of plaintiff's incarceration at FCI Hazelton in Bruceton Mills, West Virginia.  First, that he was subjected to cruel and unusual punishment when Bureau of Prisons employees conspired to have him killed by prison inmates; he alleges that he was the victim of several assaults by inmates and that Bureau of Prisons staff was aware of the danger he was in.  Second, that defendants were deliberately indifferent to the assaults he suffered.  Third, that defendants deliberately destroyed or stole plaintiff's personal property purchased from the commissary.  Fourth, that defendants McCaul and Vankirk destroyed plaintiff's religious materials.  Finally, that defendants interfered with plaintiff's access to the courts by failing to deliver to plaintiff mail sent to him from a federal court, resulting in dismissal of a pending appeal of his conviction.

## III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See **Neitzke** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably

meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Analysis

Plaintiff has filed this case pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971). In **Bivens**, the Supreme Court authorized suits against federal employees in their individual capacities. Such claims require two essential elements be proven: (1) a violation of the plaintiff's constitutional rights (2) by agents acting under color of federal law. **Goldstein v. Moatz**, 364 F.3d 205, 210 n.8 (4th Cir. 2004). Generally, private parties are not subject to liability under **Bivens**. See **Holly v. Scott**, 434 F.3d 287, 294 (4th Cir. 2006).

Although the majority of the defendants listed in plaintiff's Complaint are federal employees employed by the Bureau of Prisons, plaintiff has also named as defendants two federal prisoners, Patrick Greayen and Williams Raphael. Plaintiff alleges he was assaulted by these defendants several times, including with a homemade weapon and by attempting to poison plaintiff's food and drink. However, plaintiff does not allege that these defendants were federal employees or that they were in some way acting under color of federal law. Accordingly, the undersigned recommends that the claims against these defendants are not cognizable under **Bivens** and they should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A. The undersigned recommends that the claims against the federal employees proceed and the remaining defendants be directed to respond to the Complaint.

---

[1] ***Id.*** at 327.

## V. <u>Recommendation</u>

For the reasons set forth above, the undersigned recommends that the claims against defendants Patrick Greayen and Williams Raphael be **DISMISSED WITH PREJUDICE** and that the claims made against the federal employees proceed.

The plaintiff shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to plaintiff's last known address as reflected on the docket sheet.

**DATED**: March 21, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE