IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**FAOUZI JABER,**

    **Plaintiff,**

V.                                          **CIVIL ACTION NO. 5:24-CV-25**
                                                **Judge Bailey**

**WARDEN RAY, ACTING WARDEN BROWN,
OFFICE TITTLE, OFFICE BROWN, OFFICE POLLS,
OFFICER G. COPELL, OFFICER D. MILLER,
OFFICER CHEAPLEY, LIEUTENANT CIVIC,
T. KEENER, R.N., DR. ADAMS, OFFICER DICK,
GOMEZ, SMITH, MR. MCCAUL, AND MR. VANKRIK,**

    **Defendants.**

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
ON BEHALF OF DEFENDANT EMMANUEL ADAMS, M.D.**

---

**NOW COMES** Defendant Emmanuel Adams, M.D., by his counsel, Brent P. Copenhaver, Jenny L. Hayhurst, and the law firm Linkous Law, PLLC, and, pursuant to the Federal Rules of Civil Procedure 12(b)(1) and (6), hereby provides this Memorandum of Law in Support of his Motion to Dismiss. In particular, this Defendant moves this Honorable Court for the entry of an Order dismissing Plaintiff's Complaint and the claims asserted against this Defendant, with prejudice. In support thereof, this Defendant asserts the following:

    **I.**    **PERTINENT ALLEGED FACTS AND PROCEDURAL HISTORY**

The pertinent facts of this case are difficult to decipher from Plaintiff's Complaint as the majority of Plainitff's claims are simply legal conclusions devoid of factual support. Further,

Plaintiff's Complaint contains zero factual allegations specifically directed at Dr. Adams. Rather, there are generic and vague claims involving unidentified "personnel from the Medical Department." (ECF No. 1 at 15.) Plaintiff filed his Complaint on February 12, 2024, against several defendants including Dr. Adams alleging a *Bivens* action pursuant to the U.S. Supreme Court holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) However, within the Complaint, there is no specific reference to Dr. Adams or any particular allegations against him. Instead, Dr. Adams is collectively grouped with the other federal defendants for the purposes of Plaintiff's unsupported claims.

On April 24, 2023, service of Plaintiff's Complaint was effectuated on Dr. Adams. (ECF No. 45.) According to the limited facts provided, Plaintiff alleges that "personnel from the Medical Department" refused to treat his wounds following assaults by another inmate and failed "to take measures to insure [sic] his safety." (ECF No. 1 at 15.) During his incarceration at FCI Hazelton, Plaintiff alleges that he was assaulted by another inmate on the following dates: January 28, 2023; March 29, 2023; and April 28, 2023. (*Id*. at 14.) He was then transferred to a Segregated Housing Unit ("SHU") and placed with another inmate who posed a risk to Plaintiff's safety. (*Id*.) In May and June of 2023, Plaintiff alleges he was assaulted by a fellow inmate in the SHU on several occasions. (*Id*. at 15.) On at least one of those occasions, Plaintiff was stabbed and/or cut by the inmate and sustained unspecified injuries. (*Id*.) Plaintiff alleges he complained to "prison staff, including the defendants herein named, including personnel from the Medical Department, and defendant Nurse T. Keener." (*Id*.) He further alleges that all the named Defendants were aware of the risk, but failed to protect him from those assaults and refused to provide medical treatment. (*Id*.)

As outlined in the District Court's Order, Plaintiff's Complaint asserts five (5) claims:

> …First, that he was subjected to cruel and unusual punishment when Bureau of Prisons employees conspired to have him killed by prison inmates; he alleged that he was the victim of several assaults by inmates and that Bureau of Prisons staff was aware of the danger he was in. Second, that defendants were deliberately indifferent to the assaults he suffered. Third, that defendants deliberately destroyed or stole plaintiff's personal property purchased from the commissary. Fourth, that defendants McCaul and Vankirk destroyed plaintiff's religious materials. Finally, that defendants interfered with plaintiff's access to the courts by failing to deliver to plaintiff mail sent to him from a federal court, resulting in dismissal of a pending appeal of his conviction.

(ECF 19 at 1-2.)

Only claims one and two appear to be directed at Dr. Adams. The remainder of the claims, three through five, are directed at prison officials named as Defendants herein. For the reasons set forth herein, Plaintiff's Complaint should be dismissed for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies under the Prisoner Litigation Act and because Plaintiff makes no cognizable claim against Dr. Adams for a *Bivens* action. Therefore, Plaintiff's Compliant against Dr. Adams should be dismissed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## II.     MOTION TO DISMISS STANDARD

Rule 12(b)(1) permits a defendant to move a court to dismiss an action for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. (12)(b)(1). Pursuant to the Prisoner Litigaiton Act (hereinafter "PLA"), a prisoner must exhaust all administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). The "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Because Plaintiff failed to comply with the mandatory pre-suit administrative process set forth in the PLA, this Court lacks jurisdiction over Plaintiff's claims thereby warranting dismissal.

Also pertinent to this action is Rule 12(b)(6) of the Federal Rules of Civil Procedure which provides a basis for a motion to dismiss for failure to state a claim upon which relief can be granted. In essence, Rule 12(b)(6) tests the "legal sufficiency of a complaint…with the assumption the facts alleged are true." *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedures requires that a pleading contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)). In other words, "a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555. "[A] complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Although Plaintiff's Complaint is entitled to liberal construction due to his *pro se* status, the standard does not require this Court to "conjure up questions never squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's Complaint contains bare assertions and legal conclusions that do not meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure for a cause of action of deliberate indifference under either 42 U.S.C § 1983 or *Bivens*, and, thus, requires dismissal of his Complaint.

### III. APPLICATION OF LAW JUSTIFYING DISMISSAL

**A. Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies under the Prison litigation Act thereby depriving this Court of jurisdiction.**

Pursuant to 42 U.S.C. § 1997e, an inmate pursuing litigation must comply with the requirements of the PLA and exhaust all administrative remedies before initiating court action. The Act specifically states: "No action shall be brought with respect to prison conditions under section 1983…, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). The U.S. Supreme Court has interpreted the statute as requiring "proper exhaustion" of "all available remedies." *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-2383 (2006) (internal quotation omitted). It is important to note proper exhaustion also means "meeting all the time and procedural requirements of the prison grievance system." *Mason v. Wexford Health Sources*, No. 2:10cv55, 2011 U.S. Dist. LEXIS 151981, 2011 WL 7070535, *18 (N.D. W.Va. Dec. 14, 2011). In instances where a prisoner attempts to file an "untimely" grievance, a prisoner must still show an attempt to exhaust administrative remedies through an appeal and requesting waiver of the time period for "good cause." *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curium).

Plaintiff undoubtedly failed to exhaust his administrative remedies prior to filing this action. As set forth in 28 C.F.R. 542 *et seq.*, Plaintiff was required to adhere to the following four-step sequential grievance process: 1. Informal resolution; 2. Formal written Administrative Remedy Request (BP-9); 3. Appeal to the Regional Director (BP-10); 4. Appeal to the General Counsel. *See* 28 C.F.R. § 542.13-15. Pursuant to 28 C.F.R. § 542.18, the absence of a response within the prescribed timeframe constitutes a denial at that level and, after the allotted timeframe, the inmate should move to the next step within the grievance process.

Plaintiff readily concedes that he did not follow the proper administrative procedures, but he proceeded to file his Complaint despite the clear requirements of the PLA. The Complaint

includes the following information pertaining to the grievances Plaintiff filed with the Bureau of Prisons (hereinafter BOP"):

```
LEVEL 1  BP-8 (No Response)
LEVEL 2  BP-9 for $470.00 (No Response)
LEVEL 3  _____
```

(ECF No. 1 at 6.)

Plaintiff plainly indicates he did not file the required level 4 appeal and, therefore, he unquestionably failed to properly exhaust his adminstative remedies. Assuming the alleged facts as true, the lack of a reponse constituted a denial, and Plaintiff was required to proceed with an appeal to the General Counsel. Because he failed to do so, his Complaint must be dismissed for lack of jurisdiction.

Further, Plaintiff has never filed an administrative appeal regarding any allegations pertaining to the refusal of medical care or alleged improper medical care. Under 28 C.F.R. § 542.15(b)(2), "[a]n inmate may not raise in an Appeal issues note raised in the lower level filings." Depsite the clear and unambigious language, Plaintiff attempts for the first time to raise issues regarding lack of or improper medical care in his Complaint even though he never pursued or included those allegations in his initial grievance form. (ECF No. 1 at 7.) Plaintiff's grievanance focused solely on his allegations of stolen property and requested relief in the form of replacement and/or monetary payment. (*Id.*) As such, Plaintiff must be estopped from claiming any type of relief against Dr. Adams because Plaintiff never filed grievances regarding the same. Instead, the vague and unspecified claims against Dr. Adams appear for the first time in Plaintiff's Complaint, which is improper and expressly contrary to the plain language of 28 C.F.R. § 542.15(b)(2). Therefore, Plaintiff's Complaint should be dismissed for failure to comply with the mandated adminstrative procedures espoused in 42 U.S.C. § 1997e(a).

### B. Dr. Adams is not a proper party for a *Bivens* action as he is not a federal employee or official; therefore, Plaintiff's *Bivens* action against Dr. Adams must be dismissed.

Plaintiff's claims against Dr. Adams must be dismissed because a *Bivens* cause of action is not an appropriate means of obtaining a remedy against a government contractor providing medical services. The *Bivens* provides a remedy for constitutional violations committed solely by federal actors or federal agents. *See Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Since the *Bivens* decision, the U.S. Supreme Court has undeniably narrowed its application and "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (declining to infer a constitutional court remedy against a private corporation). The established case law has made it clear that "[t]he purpose of Bivens is to deter individual federal officers from committing constitutional violations." *Id*. at 70. Dr. Adams is a contracted medical provider, not a federal official; therefore, he is not a proper party to a *Bivens* action.

Subsequent to the *Malesko* decision, the Fourth Circuit in *Holly v. Scott* addressed the issue of whether employees of a private correctional corporation may be held liable under *Bivens*. 434 F.3d 287 (4th Cir.), cert. denied, 547 U.S. 1168 (2006). *Holly* reiterated that causes of action under *Bivens* are intended to deter individual federal officers from committing constitutional violations, and it noted that employees of a private corporation under contract with the federal government are not "federal officials, federal employees, or even independent contractors in the service of the federal government." *Holly*, 434 F.3d at 292. *See also Johnson v. Sallie Mae Servicing, L.P.*, No. 4:03-3857-TER, 2007 U.S. Dist. LEXIS 112172, *26-27 (D.S.C. Mar. 27, 2007) (holding an employee of a private company is not subject to a *Bivens* action). Thus, a *Bivens* claim is not a viable remedy against agents and employees of private

corporations that have contracts to provide services to the federal government. *Holly*, 434 F.3d at 293.

The U.S. Supreme Court has recognized "expanding the Bivens remedy is now considered a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Since the *Bivens* decision, the U.S. Supreme Court has refused to apply the judicially created remedy to any "new context." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (June 8, 2022). In this regard, the U.S. Supreme Court developed a two-step inquiry to determine whether actions should proceed under *Bivens*. *Id*. The first part of the inquiry is whether the claim arises in a "new context" or with a "category of defendants." *Ziglar*, 582 U.S. at 135.

Plaintiff's claims involve a "new category of defendants" because Dr. Adams is a private medical contractor, not a federal employee or officer. *Ziglar*, 582 U.S. at 135. In the case *sub judice*, Dr. Adams had a contract with a private corporation that, in turn, maintains a contract with the federal government. Pursuant to these contracts, Dr. Adams was to provide health care services to inmates at FCI Hazelton. Because Dr. Adams is an agent or employee of a private company that contracts with the federal government, and because he is not a federal public official, pursuant to *Bivens*, *Malesko*, and *Holly*, *supra*, Plaintiff's claim against Dr. Adams is inappropriate. Thus, the analysis moves to the second inquiry.

The second step requires consideration on "whether there are any special factors that might counsel hesitation in expanding *Bivens* remedies." *Dyer v. Smith*, 56 F.4th 271 (4th Cir. 2022). For this part of the analysis, the U.S. Supreme Court has held "[a] single reason sound reason to defer to Congress is enough to require a court to refrain from creating [a damages]

remedy." *Id*. at 278 (quoting *Egbert*, 142 S.Ct. at 1803). Among the factors for consideration, is whether there is an alternative remedy, particularly one provided by Congress.

Plaintiff's unsubstantiated claim against Dr. Adams stems from an alleged lack of proper medical care. As such, Plaintiff could have sought redress under the appropriate statute, but he instead chose to file a *Bivens* action. Likewise, Plaintiff had access to an alternative remedy through the Bureau of Prisons administrative process. *See Malesko*, 534 U.S. at 74 ("Inmates…also have full access to remedial mechanisms established by the BOP…filed through the BOPS's Administrative Remedy Program" providing a means for "altering an entity's policy [or] injunctive relief.") The existence of an alternative remedy provides a "single sound reason" to dismiss Plaintiff's Complaint for failure to state a claim under *Bivens*. *See Dyer, 56 F.4th* at 278 (quoting *Egbert*, 142 S.Ct. at 1803).

**C. Plaintiff's Complaint contains no factual allegations against Dr. Adams to meet the stringent standard of deliberate indifference, and, therefore, this Court should dismiss Plaintiff's Complaint for failure to state a cognizable claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

Even if the Court were to allow Plaintiff to proceed against Dr. Adams under a *Bivens* action or as a 42 U.S.C. § 1983 action, Plaintiff's Complaint must be dismissed for failure to state a claim. While Dr. Adams was named as a Defendant, there are no specific allegations against him. The only reference to any type of medical treatment is the following vague statement: "Medical personnel refused to treat the wounds suffered by the plaintiff, or to take measures to insure [sic] his safety." (ECF No. 1-15.)

Under Rule 8(a) of the Federal Rules of Civil Procedure, a claim must state the following: "(1) a short and plain statement of the ground for the court's jurisdiction…; (2) a short and plain statement of the claim showing the pleader is entitled to relief, and (3) a demand for the relief sought." Although *pro se* pleadings are afforded liberal construction and held to less

stringent standards, the Complaint can "dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957)).

A prisoner seeking relief for "deliberate indifference" must allege facts that demonstrate medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) Importantly, there is no doctrine of respondent superior, rather there must be personal involvement or a showing where a subordinate acted "pursuant to a policy or custom which the supervisor is responsible." *Purvis v. Prime Care, Inc.*, 2010 U.S. Dist. LEXIS 83983, 2010 WL 3244884, *5 (N.D. W.Va. 2010). Plaintiff was required to assert sufficient facts to show that Dr. Adamas was personally "deliberately indifferent" and "disregarded a serious risk to his health." *Id*. at *8-9.

Plaintiff's bare assertion regarding unidentified "medical personnel" does not meet the stringent standard of deliberate indifference. In fact, Plaintiff never even alleges any particular or specific allegations against Dr. Adams. He simply alleges "[m]edical personnel refused to treat the wounds suffered." (*Id*.) Plaintiff's vague allegations fail to specify Dr. Adam's direct involvement in either a refusal of care or improper care. Pursuant to established case law, Dr. Adams cannot be held liable under the principles of respondent superior, and, for that reason, the claims against Dr. Adams should be dismissed. *See Purvis,* 2010 U.S. Dist. LEXIS 83983 at *5.

Lastly, Plaintiff claims "personnel from the medical department, including Nurse T. Keener," failed to protect Plaintiff from physical assaults by another inmate. (ECF No. 1 at 15.) Because Dr. Adams is not a prison official and employed by an outside company to solely

provide medical care to inmates, he does not have "generalized duty to protect inmates from harm." *Gearhart v. Pa. Dep.'t of Corr.,* No. 3:22-cv-01334, 2023 U.S. Dist. LESIX 170847, 2023 WL 6217398 (M.D. Pa. Sept. 25, 2023). Therefore, Plaintiff cannot assert an actionable claim against Dr. Adams for failure to protect and his claims must be dismissed.

### IV. CONCLUSION

In the present case, this Court should grant Dr. Adam's Motion to Dismiss for the following reasons: (1) Plaintiff failed to exhaust the administrative remedies mandated under the Prison Litigation Act thereby depriving this Court of jurisdiction; (2) A *Bivens* action is not an appropriate means of obtaining a remedy against a government contractor; and (3) Even if, *arguendo*, this were an appropriate cause of action, Plaintiff's claims must nevertheless fail because he does not state a cognizable claim of deliberate indifference under either *Bivens* or 42 U.S.C. § 1983 pursuant to the U.S. Supreme Court analytical framework.

**WHEREFORE**, for the foregoing reasons, Defendant Emmanuel Adams, M.D., by counsel, requests that this Court grant his Motion to Dismiss and enter an Order dismissing this civil action, with prejudice, as well as any further relief that the Court deems just.

**Defendant Emmanuel Adams, M.D.,**
By Counsel,

*/s/ Jenny L. Hayhurst*
Brent P. Copenhaver, Esq. (WV Bar #4819)
Jenny L. Hayhurst, Esq. (WV Bar #11752)
***Linkous Law, PLLC***
10 Cheat Landing, Suite 200
Morgantown, WV 26508
304-554-2400 / 304-554-2401 (facsimile)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

**FAOUZI JABER,**

    **Plaintiff,**

V.                                          **CIVIL ACTION NO. 5:24-CV-25**
                                                Judge Bailey

**WARDEN RAY, ACTING WARDEN BROWN,
OFFICE TITLLE, OFFICE BROWN, OFFICE POLLS,
OFFICER G. COPELL, OFFICER D. MILLER,
OFFICER CHEAPLEY, LIEUTENANT CIVIC,
T. KEENER, R.N., DR. ADAMS, OFFICER DICK,
GOMEZ, SMITH, MR. MCCAUL, AND MR. VANKRIK,**

    **Defendants.**

## Certificate of Service

      I hereby certify that, on this 1st day of July 2024, I served the foregoing ***Memorandum of Law in support of Motion to Dismiss Plaintiff's Complaint on Behalf of Defendant Emmanuel Adams, M.D.*** upon the parties hereto by depositing a true and correct copy thereof in the United States mail, postage prepaid, in an envelope addressed to the following persons of records:

*Plaintiff, pro se:*        Faouzi Jaber
                           Inmate No. 75840-054
                           FCI Gilmer
                           P.O. Box 6000
                           Glenville, WV 26351

                                                    */s/ Jenny L. Hayhurst*
                                                    Brent P. Copenhaver, Esq. (WV Bar #4819)
                                                    Jenny L. Hayhurst, Esq. (WV Bar #11752)
                                                    ***Linkous Law, PLLC***