UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

FAOUZI JABER,

    Plaintiff,

v.                                                           Civil Action No. 5:24-CV-25
                                                            Judge Bailey

WARDEN RAY, et al.,

    Defendants.

**MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT OF
DEFENDANTS SUZANNE BROWN, BRANDON DICK, CHRISTOPHER GOMEZ,
HEATHER RAY, TODD KEENER, WILLIAM J. KOPPEL, JUSTIN McCALL, DERIK
MILLER, CODY SIVIC, MICHAEL TITTLE, AND FRANCIS VANKIRK[1]**

Pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, and applicable federal law, Defendants, by and through undersigned counsel, move this Court, to enter an order dismissing this civil action against them and/or awarding them summary judgment because this Court lacks subject matter jurisdiction and/or there is no genuine issue of material fact and these Defendants are entitled to summary judgment as a matter of law on the following grounds:

1.    To the extent that Plaintiff is asserting a claim against these Defendants based on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), that claim should be dismissed as matter of law because Plaintiff does not have a remedy available to him under *Bivens*;

2.    To the extent that Plaintiff is asserting a claim against these Defendants based on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), that claim should be dismissed as matter of law because Plaintiff has alternate remedies available to him;

---

[1] Hereinafter referred to collectively as the "Defendants."

3.       To the extent Plaintiff is asserting a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against these Defendants, that claim should be dismissed as they are entitled to qualified immunity with regard to that claim;

4.       To the extent Plaintiff is asserting claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against these Defendants, some or all of those claims should be dismissed because the Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e;

5.       To the extent that Plaintiff has alleged in the Complaint that these Defendants engaged in tortious conduct while acting in their scope as federal employees, they were acting within the scope of their federal employment.  Therefore, Plaintiff's alleged tort claims against these Defendants are subject to the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. §§ 1346(b), 2671-2680.  Plaintiff has not presented any administrative tort claims with regard to certain claims asserted in the Complaint as required by the FTCA, 28 U.S.C. §2675. In addition, these Defendants are not proper defendants under the FTCA, and they are immune from liability under the Westfall Act for FTCA claims. Only the United States is a proper defendant under the FTCA. 28 U.S.C. § 2679. Thus, at least some of the alleged tort claims in the Complaint subject to the FTCA asserted against these Defendants must be dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies under the FTCA, and these Defendants should also be dismissed because they are not proper defendants under the FTCA;

6.       Plaintiff's claims against these Defendants under the FTCA are also barred by the discretionary function exception to the FTCA, 28 U.S.C. §2680(a);

7.       Plaintiff's claims against these Defendants are barred in whole or in part by 28 U.S.C. § 2680(b);

8. Plaintiff's claims against these Defendants are barred in whole or in part by 28 U.S.C. § 2680(c);

9. Plaintiff is not entitled to judicial review for property loss claims asserted under 31 U.S.C. §3723 against these Defendants;

10. Some, if not all, of the Plaintiff's claims asserted in the Complaint against these Defendants are barred by sovereign immunity;

11. Some of the claims asserted in the Complaint against these Defendants should be dismissed due to *res judicata* because they were adjudicated in a prior civil action; and

12. This civil action against these Defendants must also be dismissed because it also otherwise fails to state a claim for which relief may be granted against them under federal law.

13. In support of this motion, these Defendants also rely on the following exhibits:

    A. Declaration of Misty Shaw attached as Exhibit 1;

    B. *United States v. El Merebi and Jaber*, 2023 WL 4636754 (2d Cir. Mar. 16, 2023) attached as Exhibit 2; and

    C. Certifications of United States Attorney William S. Thompson for Defendants Heather Ray, Suzanne Brown, Brandon Dick, Christopher Gomez, Todd Keener, William J. Koppel, Justin McCall, Derek Miller, Cody Sivic, Michael Tittle, and Francis Kirk attached collectively as Exhibit 3.

WHEREFORE, these Defendants respectfully request that this Court dismiss this civil action for lack of subject matter jurisdiction and/or grant them summary judgment and such other and further relief as deemed appropriate by the Court.

Respectfully submitted,

**WILLIAM S. THOMPSON**
**United States Attorney**


**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia Street East, Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov
Acting Under Authority Conferred
by 28 U.S.C. § 515
Counsel for Defendant United States of America

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

FAOUZI JABER,

    Plaintiff,

v.                                                          Civil Action No. 5:24-CV-25
                                                           Judge Bailey

WARDEN RAY, et al.,

    Defendants.

## CERTIFICATE OF SERVICE

    I, FRED B. WESTFALL, JR., HEREBY CERTIFY that, on the 26th day of September, 2024, I electronically filed the foregoing **MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT OF DEFENDANTS SUZANNE BROWN, BRANDON DICK, CHRISTOPHER GOMEZ, HEATHER RAY, TODD KEENER, WILLIAM J. KOPPEL, JUSTIN McCALL, DERIK MILLER, CODY SIVIC, MICHAEL TITTLE, AND FRANCIS VANKIRK** with the Clerk of the Court using the CM/ECF system and that I also mailed a copy thereof by United States mail to the flowing non-CM/ECF participant:

Faouzi Jaber Inmate No. 75840-054
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351
Pro Se Plaintiff

                                                                      s/Fred B. Westfall, Jr.
                                                                      WV State Bar No. 3992
                                                                      Assistant United States Attorney