IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FAOUZI JABER,**

    Plaintiff,

v.                                      **CIV. ACT. NO. 5:24-CV-25**
                                              Judge Bailey

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER

Pending before this Court is a *pro se* letter from plaintiff [Doc. 104], which this Court construes as a Motion to Reconsider. Therein, plaintiff requests this Court consider his previous Motion to Reconsider [Doc. 100] ("previous Motion") to be timely filed pursuant to the prison mailbox rule. [Doc. 104 at 1 (citing **Houston v. Lack**, 487 U.S. 266 (1988))].

In **Houston**, the issue addressed by the Court related to the filing of a notice of appeal pertaining to the dismissal of a 28 U.S.C. § 2254 petition. 487 U.S. at 268. The Court held that, in the "particular context" of filing a notice of appeal, a notice is deemed filed at the time it is delivered to prison authorities for mailing. *Id*. at 275–76. The prison mailbox rule has been extended to motions filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See **Puzey v. Warden FCC Allenwood**, 2016 WL 8261741, at *2 n.2 (N.D. W.Va. Jan. 7, 2016) (Groh, C.J.).

Here, plaintiff points to his previous Motion's certificate of service as evidence the previous Motion was timely filed. [Doc. 104 at 1]. The certificate of service indicates plaintiff gave the previous Motion to prison officials for mailing on April 21, 2025. [Doc. 100

at 4]. Giving plaintiff the benefit of the doubt, this Court will consider the previous Motion timely filed. This Court hereby **GRANTS** plaintiff's second Motion to Reconsider [**Doc. 104**] and **VACATES** its May 6, 2025 Order [**Doc. 101**]. The previous Motion shall be considered on the merits.

"A Rule 59(e) motion 'briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal.'" ***Hopper v. Hudgins***, 2021 WL 11659991, at *1 (N.D. W.Va. Feb. 11, 2021) (Groh, C.J.) (quoting ***Banister v. Davis***, 590 U.S. 504, 516 (2020)). "The Court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" ***Id***. (quoting ***Hill v. Braxton***, 277 F.3d 701, 708 (4th Cir. 2008)). "The Fourth Circuit has noted that granting a Rule 59(e) motion is 'an extraordinary remedy which should be used sparingly.'" ***Id***. (quoting ***Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.***, 148 F.3d 396, 402–03 (4th Cir. 1998)). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." ***Jones v. Deboo***, 2016 WL 1364288, at *4 (N.D. W.Va. Apr. 6, 2016) (Stamp, Jr., J.) (quoting 148 F.3d at 403).

The previous Motion raises three (3) arguments: (1) plaintiff did exhaust his administrative remedies for Claim One of the February 10, 2025 Amended Complaint [Doc. 89]; (2) plaintiff's February 4, 2025 Amended Complaint [Doc. 87] was timely filed; and (3) the April 1, 2025 Order improperly characterizes the actions of the prison officials

2

as negligent instead of intentional. [Doc. 100 at 1–3]. Plaintiff contends these arguments support reconsideration of this Court's April 1, 2025 Order [Doc. 98] adopting the Report & Recommendation ("R&R") in this matter. [Id. at 4].

As noted in the April 1, 2025 Order, plaintiff did not object to the R&R's ruling that he failed to exhaust his administrative remedies and that the February 4, 2025 Amended Complaint contained an untimely claim. [Doc. 98 at 4]. The nature of plaintiff's arguments indicates they could have been raised as objections to the R&R. These are exactly the kinds of arguments which are improperly presented in a Rule 59(e) motion.

As for plaintiff's third argument, he takes issue with the characterization of the prison staff members' actions as negligent rather than intentional. [Doc. 100 at 2–3 (citing [Doc. 98 at 9])]. Plaintiff contends his February 10, 2025 Amended Complaint [Doc. 89] alleges "Correction Officers and staff members acted intentionally, and/or with deliberate indifference, in reaction to the plaintiff's physical injuries from being constantly beaten and cut by his cellmate." [Id. at 3]. Plaintiff contends the correction officers and staff members had no discretion because they were under "a statutory and constitutional duty to protect the life and safety of the plaintiff." [Id.].

This argument does not fall within the three (3) kinds of arguments properly presented in a Rule 59(e) motion. Plaintiff presents no new evidence or change in controlling law in support of this argument. To the extent this argument could be construed to correct a clear error of law or prevent manifest injustice, this argument fails. The United States Court of Appeals for the Fourth Circuit has held that the decision whether to separate an inmate from an attacker is squarely within the discretionary function exception

to the Federal Tort Claims Act. See **Rich v. United States**, 811 F.3d 140, 146 (4th Cir. 2015).

Accordingly, plaintiff's previous Motion [**Doc. 100**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff at his last-known address as reflected on the docket.

**DATED**: May 22, 2025.

                                        JOHN PRESTON BAILEY
                                        **UNITED STATES DISTRICT JUDGE**